UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NAPOLEON WRIGHT,

          Plaintiff,

                                        Case No. 05-CV-74080

vs.

                                        HON. GEORGE CARAM STEEH

DAVID A. TROTT, et al.,

          Defendants.

_____/

## ORDER DISMISSING COMPLAINT

*Pro se* plaintiff "Napoleon"[1] filed an action entitled "Libel of Review" with this court on October 27, 2005. That filing, which is herein construed as a complaint, is a rambling seven page document which includes a section entitled "Cause of action," asserting improper "theft and kidnap" by defendants in "casting aspersions that Napoleon owes money on an alleged loan" and "making [Napoleon] leave his home." The suit appears to complain of actions taken by attorney David A. Trott and/or partners and associates in connection with certain real property occupied by plaintiff and his family members. Attached to the complaint are copies of documents entitled "Notice of Mortgage Foreclosure Sale," concerning a mortgage made by Napoleon Wright Jr., and a "Notice to Quit" form issued to Napoleon Wright, Jr., and other occupants of the premises by an attorney at the Trott & Trott law firm address.

The court has read everything contained within the documents filed by plaintiff to date, and cannot begin to discern a cause of action over which it may exercise

---

[1] The prepared caption reads simply "Napoleon," but it appears that upon filing, the clerk required the individual filing the complaint to add the last name "Wright."

Dockets.Justia.com

jurisdiction. The court is well aware that "[g]enerally, a district court may not *sua sponte* dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint," Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999). However, in the rare circumstance where the complaint's allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion," Id., citing Hagans v. Lavine, 415 U.S. 528, 536-37 (1974), *sua sponte* dismissal is appropriate. Id. It is the court's determination that this case presents one of those rare instances where neither amendment nor awaiting service or an answer to the complaint is required prior to *sua sponte* dismissal.

Accordingly, the complaint is hereby DISMISSED in its entirety.

IT IS SO ORDERED.

S/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

Dated: November 2, 2005

CERTIFICATE OF SERVICE

A Copy of this Order was served on the plaintiff on November 2, 2005, by electronic and/or ordinary mail.

S/Josephine Chaffee  
Secretary/Deputy Clerk